IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

SCHUBERT, ALLAN,
    Plaintiff,

      v.

M. GONZALES, S. THORNE,
R.D. MALONE, WENDY SOLANGO,
R. PERKINS, E. ROKOSKY,
C. GOMEZ, JAMES WILLS,
"C/o FARROW", COLETTE PETERS,
    Defendants

CIVIL ACTION
NO.: 1:24-CV-00055

JURY TRIAL DEMAND



**FILED**

JUL – 3 2024

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

## SUPERCEDING COMPLAINT

I. Jurisdiction is asserted pursuant to: Article III, sect. 2, U.S. Constitution; 28 USC § 1331; and Bivens ≠ Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971).

II. Plaintiff is a federal prisoner.

III. Plaintiff has previously filed:

    A. SCHUBERT ≠ NESBITT, et al., N. 3:22-cv-407 in the District of Columbia court seeking injunctive relief, which was denied for failure to state a claim.
        Refiled in S.D. MS., re-sent to D.C., and voluntarily withdrawn.

    B. SCHUBERT ≠ AVERY, 3:22-cv-00321 in

-1-

the S.D. MS., an 8th Amen. claim. ~~The status of this action is unknown at this time~~. Dismissed w/out prejudice Dec. 8, 2023.

C. SCHUBERT v MNUCHIN, et al., A-22-cv-966, in the W.D.TX., for the recovery of two(2) stimulus checks, which was dismissed, and also lost in the 5th Cir. for failure to prosecute.

D. SCHUBERT v FBI, et al., 22-cv-3658 in D.C., a consolidated FOIA/PA action seeking records. Case pending.

IV. Parties to current lawsuit:

(i) ALLAN SCHUBERT, # 30850-064
   FCI-McDowell
   P.O. Box 1009
   Welch, WV. 24801
   is the named Plaintiff.

(ii) M. GONZALES — Property Officer
   FCI-McDowell
   P.O. Box 1009
   Welch, WV. 24801
   is a named defendant.

(iii) S. THORNE — Property Officer
   FCI - McDowell
   is a named defendant.

(iv) R.D. MALONE — B-4 Counselor
   FCI — McDowell
   is a named defendant.

- 2 -

(V) WENDY SOLANGO — B-4 Secretary
FCI - McDowell
is a named defendant.

(vi) R. PERKINS — Associate Warden
FCI - McDowell
is a named defendant.

(vii) E. ROKOSKY — WARDEN
FCI - McDowell
is a named defendant.

(viii) C. GOMEZ — Mid-Atlantic Region
Director — Bureau Of Prisons
302 Sentinel Dr., Ste. 200
Annapolis Junction, Maryland 20701
is a named defendant.

(ix) JAMES WILLS — General Counsel —
— Bureau Of Prisons
320 First Street, NW
Washington, D.C. 20534
is a named defendant

(X) "% FARROW" — Mailroom Officer
FCI - McDowell
is a named defendant.

(Xi) COLETTE PETERS — Director — B.O.P.
320 First Street, NW
Washington, D.C. 20534
is a named defendant.

-3-

# V. CAUSE OF ACTION

A. – This is an action brought about as a result of a transfer of Plaintiff from Yazoo, MS. to FCI-McDowell, W.V., and the deprivation and arbitrary confiscation of personal property and many legal documents (that being litigated in U.S. courts and those in preparation stages for filing civil suits), including, but not limited to: affidavits from prisoners witnessing an instance of mass corporal punishment in Yazoo that was racially motivated, caught on camera, and were being used as testimony or statements to support the retaliation that followed against Plaintiff for its exposure; freedom of information act correspondences with executive agencies – namely the F.B.I., related to breach of security of federal institutions; briefs, notes, and copies of Supreme Court cases on illegal surveillance and the limitations of federal government in the sovereign states; and also personal records and log-sheets of legal, political, and administrative correspondences.

B. – These confiscations have violated federal statutes, Code of Federal Regulations, and B.O.P. Program Statements. These confiscations have also violated Plaintiffs 1st, 4th, and 5th Amendment rights of the U.S. Constitution.

C. – It is the practice and policy of Defendants at FCI-McDowell to disregard federal statutes, C.F.R.'s, and Program Statements of the B.O.P. concerning legal correspondence specifically identified as "SPECIAL MAIL", and has opened special mail outside of the presence of Plaintiff, has copied said mail and documents, and has sent special mail through the general correspondence – or – through Defendant MALONE'S (unit Counselor) office, to deliver at

-4-

his leisure : irregardless of his work schedule, off-days, vacations, or court deadlines.

D.— It is Plaintiff's belief and allegation that this practice by Defendants at McDowell, including its time consumption of photocopying and informal or irregular manner of delivery, directly contributed to the dismissal of one civil action and possibly two, violating Plaintiff's access to court Constitutional right.

E.— In the pursuit and filing of NOTICES and Administrative Remedies, Defendant administrators had direct knowledge of the complaints and failed to take any corrective action, which tacitly authorized the illegal and unconstitutional actions of the officers and employees complained of.

F.— After Defendants failed to provide any responses -or- exercise their duty to address complaints brought to their attention, in August 2023 Plaintiff submitted a "Complaint and Request for Investigation" to the U.S. Postal Regulation Commission, regarding the several mail issues, to which copies were sent to the U.S. Postmaster General, Inspector General's Office, U.S. Attorney General Merrick Garland, and individually to Defendants COLETTE PETERS, (Director -B.O.P.), and C. GOMEZ (Mid-Atlantic Reg. Dir.).

G.— C. Coston of the Postmaster General's office and Deborah Randall of the U.S. Postal Regulatory Commission, both stated that it is the responsibility of the authorities at the

-5-

institution, i.e. Defendants ROKOSKY, FARROW, and MALONE to distribute the mail to the residents or clients of the institution.

H.— The evidence will show that Defendants held Plaintiffs personal property (i.e. legal property) for seven (7) months, and Defendants ROKOSKY, FARROW, and MALONE has held correspondences from U.S. Courts back past deadlines, before being delivered to Plaintiff, depriving timely responses or any chance to answer Court ORDERS; which in turn resulted in the dismissal of one civil case and possibly two. These specific instances deprived Plaintiff of access to the courts.

I.— In the subsequent informal NOTICES, complaints and Administrative Remedies, none of the Defendant administrators took any corrective actions or remedied the complaints, thereby tacitly authorizing the practice or actions of their subordinates, after personally being knowledged of the unconstitutional actions.

J.— In two (2) specific instances Defendants ROKOSKY, FARROW, and MALONE failed to deliver legal correspondences coming from U.S. Attorney KENNETH ADEBONOJO: #1 - a June 12, 2023 "STATUS REPORT" by the F.B.I. and B.O.P., filed in U.S. Dist. Court D.C., Case NO.: 1:22-cv-03658, (doc.#20); and #2 - a July 28, 2023 Motion For Summary Judgment by the F.B.I. and B.O.P., id., (doc.#23), ~~and~~ ~~xxxxxxxxxxxxxxxxxxxxxxxxxxx~~ ~~xxxxx~~.

K.— The evidence will show that Defendant administrators, again, failed to take any corrective actions — *nor even make any*

-6-

inquiries — when Plaintiff pursued his administrative remedies, and thereby continued to tacitly authorize and approve of the unconstitu--tional practice at F.C.I-McDowell.

L.— Since arriving at McDowell Plaintiff has filed *many* notices, informal Electronic Requests, and attempted to initiate the Administrative Remedy procedure by filing BP-8's to exhaust his remedies.

M.— Defendant MALONE has denied Plaintiff access to this process by failing to answer *any* of the BP-8's Plaintiff has filed. *IN FACT*, if the Defendant ROKOSKY permits review of the cameras from August 25, 2023 onward, the cameras will prima facie show Defendant's MALONE deliberate disregard of three (3) BP-8's that were placed in his office door: (1) concerning mail delivered a full month late; (2) property confiscation, and (3) a request for an INQUIRY BOARD concerning the many mail issues: B.O.P. Prog. Statement #1210.21.

N.— Defendant MALONE is a unit counselor, he is the first reviewer of the administrative remedy process, without his answer, the subsequent Defendant administrators use this as an excuse not to exercise their duty or corrective action for subordinates actions.

O.— The administrative officials are named as defendants because through their inaction to correct or reprimand their subordinates after receiving personal knowledge, exhibits a tacit authorization of the offending and unconstitu--tional actions, and thereby making them

-7-

liable to the injuries suffered by Plaintiff.

P.— Of the *many* instances that Plaintiff attempted informal or administrative remedies, never once can Plaintiff recall any cooperation from *any* of the defendants; rather, on the contrary, Plaintiff has been hindered in all exhaustion endeavors and as the record will establish *prima facie*, the defendants collectively deprived Plaintiff of any relief or remedy.

Q.— Defendants ROKOSKY, PERKINS, GONZALES, and THORNE have factually and literally confiscated administrative and judicial papers to prevent and hinder Plaintiff from his litigation endeavors: including evidence to support illegal and unconstitutional action or inactions of the Defendants herein.

R.— On September 19, 2023 Defendant SOLANGO conducted a shakedown of Plaintiff's cell and confiscated: clothes, hangers, stamps (postage), glue, pencils and markers, and many food items purchased from commissary.

S.— SOLANGO confiscated these items as contraband without following BOP regulations, Program Statement, and violated Plaintiff's federal and Constitutional rights by denying him any due process or hearing to determine if the confiscated property was contraband or not.

T.— Plaintiff submitted a BP-8 administrative remedy on the issue September 26, 2023, in which Defendant Malone refused to answer.

-8-

U.— Plaintiff has submitted notices and BP-10's to Defendants GOMEZ and PETERS about unanswered administrative remedies here in F.C.I.- McDowell, which gave them actual Knowledge of the complaints, and they have tacitly authorized by failing to address the complaints.

V.— Plaintiff received a copy of a docket sheet on March of 2024: SCHUBERT ⩾ F.B.I., et al., 1:22--cv-03658, U.S. District Court, District of Columbia, which case was dismissed in January 2024. There was three (3) court documents filed that Plaintiff never received, one of which was the dismissal.

W.— Because F.C.I.-McDowell administration has a processing policy for legal mail that goes against established legal/special mail handling, Plaintiff did not receive his "notice" of the dismissal for more than a month and some days, which prevented Plaintiff from filing any emergency motions or extensions: thereby unable to file an appeal to a claim/entitlement that was suppose to be guaranteed by statutory law.

X.— The "notice" Plaintiff received was in the form of a docket sheet and never received the REPLY (docket #29), ORDER (granting summary judgment) (docket #30), nor the MEMORANDUM & OPINION (docket #31).

Y.— Plaintiffs attempts at exhaustion of the same issues, that instigated partial of this suit, is well documented. Defendant ROKOSKY, et al., have all made the Administrative Remedy process unavailable to Plaintiff and have failed to exercise their discretion or duties of their office.

Z.— Plaintiff has filed so many complaints to Defendants GOMEZ, WILLS, and PETERS about the many constitutional violations here at F.C.I.- -McDowell, who Defendant ROKOSKY is the warden.

-9-

AA.— GOMEZ, WILLS, and PETERS have so far failed to take any corrective action and have also failed to properly train -or- ensure that the Defendants complained of, have been properly trained in their duties and positions.

BB.— Plaintiff alleges that their failure to take corrective actions, make investigations, or do their duty; in addition to failing to provide the proper training to their subordinates, has directly caused Plaintiff to suffer the confiscation of his property, caused directly the adverse judgment of civil actions, and most especially, deprived Plaintiff of any administrative remedy.

---

# CLAIMS

## CLAIM 1

Violations of : * B.O.P. Program Statement # 5580.08, I/m Personal Property;
* 28 CFR § 553.12 — Contraband;

~10~

\* Constitutional Amendments:
   \*1st - Access To Courts,
   \*4th - Unreasonable Search & Seizure, and
   \*5th - Due Process.

(a) — Defendants E. ROKOSKY, R. PERKINS, C. GOMEZ R.K. MALONE, M. GONZALES, S. THORNE, J.C. WILLS, and ~~C. PETERS~~ are alleged to have violated the above rights of Plaintiff.

(b) — On Aug. 15, 2023 GONZALES and THORNE performed a search of Plaintiffs property and confiscated plastic hangars, many colored pencils, a Black's Law Legal Dictionary (9th ed.), among many other property items.

(c) — ~~GONZALES~~ GONZALES instructed THORNE "Take anything that is related to the I.R.S. or the Uniform Commercial Code." However, these Defendants also took many legal papers, documents, and log-books that were the personal logs of Plaintiff, affidavits, correspondences with Federal executive agencies and departments, professors, and Senators. In Addition, the IRS and Commercial Code are NOT contraband. (See attached APPENDIX for a list of documents, papers, etc. confiscated.)

(d) — In the pursuit of administrative remedies, E. ROKOSKY, PERKINS, MALONE, GOMEZ WILLS, and ~~PETERS~~ all denied Plaintiff any response or remedy.

(e) — Defendants C. GOMEZ, J.C. WILLS, and ~~C. PETERS~~ are all in a position to correct, investigate, or reprimand their subordinates.

-11-

or give some form of relief to Plaintiff. They have failed to exercise their duty and obligations to the public, to the Plaintiff, and also to the judiciary.

## CLAIM 2

Violations of: * B.O.P. Program Statement # 5265.11 - Correspondence; * 28 CFR §§ 540.2(c) and 540.18 - Special Mail; and * Constitutional Amendments: *1st - Access To Courts, and *5th - Due Process.

(a) - Defendants FARROW, MALONE, PERKINS, and ROKOSKY, ~~~~ GOMEZ, WILLS, and PETERS are alleged to have violated the above rights of the Plaintiff.

(b) - Defendants FARROW and MALONE have held back, opened, photo-copied, and placed in general mail, mail that was clearly marked "SPECIAL MAIL" from U.S. Courts. This has hindered, obstructed, and directly caused the dismissal of a civil action.

(c) - On or about June 22, 2023 I received a court document granting an extension of time, which had been ordered June 11th or 12th, 2023. The order was received an approximate 10 days later because of Defendants FARROW and MALONE's practice of holding, opening, photo-copying, and placing in general mail, "SPECIAL MAIL", which is to be handled expeditiously and in front of the recipient. (See SCHUBERT ∀ MNUCHIN, NO. 22-51129, 5th Cir. Ct. of Appeals.)

-12-

(d) — Again, on July 24, 2023 Plaintiff, had to file an emergency "NOTICE & OBJECTIONS" to a Report and Recommendation to dismiss a civil action, which was not given to Plaintiff until (24) twenty-four days *after* the order was issued by the Magistrate Judge. This item was delivered through general mail — clearly marked "SPECIAL MAIL - OPEN IN THE PRESENCE OF THE INMATE" — ten (10) days *after* the deadline date. (See SCHUBERT v AVERY, 3:22-CV-00321, S.Dist.MS., U.S. District Court.)

(e) — Again, on July 28, 2023 the 5th Cir. Court of Appeals advised Plaintiff that an ORDER had been made on July 14, 2023 — that Plaintiff never received — and which case was dismissed for "failure to prosecute" (or litigate).

(f) — Thereafter Plaintiff initiated the administrative remedy process, which Defendants PERKINS, ROKOSKY, GOMEZ, WILLS, nor PETERS ever responded or answered, despite their duties and obligations to the public, the Plaintiff, or the judiciary.

(g) — [As a show of Plaintiff's exhaustion attempts, he also filed a complaint and request for investigation, (because of the above Defendants failure to address the complaints), with the U.S. Postal Regulatory Commission, with copies sent to Attorney General MERRICK GARLAND, B.O.P. Director/ Defendant PETERS, and ~~Secret~~ Mid-Atlantic Director/Defendant GOMEZ].

## CLAIM 3

Violations of : * B.O.P. Program Statement
  #5265.11 - Correspondence;
 * 28 CFR § 540.18 - "SPECIAL MAIL";
 * 18 U.S.C.§§ *1701 - Obstruction of Mail in General;
   *1702 - Obstruction of Correspondence;
   *1703 - Delay or Destruction of Mail or
     Newspaper;
   *1709 - Theft of Mail Matter by Officer or
     Employee;
 * 42 USC §1985 - Conspiracy to Interfere with
     Civil Rights;
 * Constitutional Amendments:
   * 1st - Access to Courts

(a) - Defendants ROKOSKY, FARROW, PERKINS, MALONE, GOMEZ, WILLS, and PETERS are alleged to have violated the above rights of Plaintiff, four (4) which have criminal aspects.

(b) - On July 28, 2023 the 5th Circuit Court of Appeals, responding to a motion from Plaintiff to stay proceedings, alerted Plaintiff that there was a July 14, 2023 order made, that Plaintiff never received. The July 14, 2023 order was a dismissal of the civil action for "failure to prosecute." [The records will clearly show, that from Jan. 19, 2023 Plaintiffs property, including legal papers, were placed in property holding; that from June 2nd, 2023 up until August 15th, 2023 Defendants ROKOSKY, GONZALES, PERKINS and THORNE held Plaintiff's property, including legal papers, making it impossible for Plaintiff to respond to any motions filed by the Defendants in that specific case or to any order filed by the court.] [See SCHUBERT v MNUCHIN, supra].

(c) - Also, on September 1, 2023 Plaintiff was

- 14 -

apprised of a deadline to respond to a Motion to Dismiss in SCHUBERT ∀ FBI (supra), Plaintiff requested and received a copy of the docket sheet, which showed that, since being in F.C.I.-McDowell (arrived Jun. 2, 2023) there was two (2) filings whose copies the defendants never delivered to Plaintiff: (1) June 12, 2023 "STATUS REPORT" (Doc. #20) and (2) July 28, 2023 "MOTION FOR SUMMARY JUDGMENT" (Doc. #23).

(d)— Upon pursuing administrative remedies, Defendant MALONE (whose sporadic duty is to deliver legal mail) failed to answer any BP-8's submitted by Plaintiff; and all subsequent administrative officials, Defendants ROKOSKY, PERKINS, GOMEZ, WILLS, and PETERS have shown a consistent policy of disregard for complaints brought to their attention, and have failed to exercise their duty and obligations to the Plaintiff, the public, and most relevant, to the judiciary.

## CLAIM 4

Violations of: BOP Program Statements ## 5521.06 Searches of Housing Units, Inmates, etc., and 5580.08 — Inmate Personal Property;
* 28 CFR §§ 552 (Searches of Housing Units, etc.) and
* 553.12 — Contraband;
* Constitutional Amendments:
    * 4th — Unreasonable Search and Seizure,
    * 5th — Due Process

(a)— Defendants ROKOSKY, PERKINS, MALONE, SOLANGO, GOMEZ, WILLS, and ~~PETERS~~ are alleged to have violated the above rights of Plaintiff.

(b)— On September 19, 2023 Defendant SOLANGO performed a search of Plaintiff's cell. Among other items and property, she confiscated: clothes, stamps postage, hangars, glue, pencils, markers, and commissary

- 15 -

food items. Plaintiff never received an inventory sheet, contraband notice, no incident report, and never received any hearing to contest the seized property as being contraband or not.

(C)—This has been the practice and policy at F.C.I.-McDowell, confiscation of Plaintiff's property as contraband, without any hearings, and in violation of the procedures set out by B.O.P., the Code of Federal Regulations, and in violation of Constitutional rights.

(d)   Every named administrative official: ROKOSKY, PERKINS, GOMEZ, WILLS, and ~~PETERS~~ have all been apprised of the MANY unconstitutional practices here at FCI-McDowell, and have failed to initiate any response of any kind to Plaintiffs administrative remedies or notices.

## CLAIM 5

Violations of : * BIVENS + Six Unknown Named Agents,
         403 U.S. 388, 397 (1971);
    * U.S. Constitution, 5th Amendment, Due Process
    * 28 CFR § 542. et seq.
    * 42 U.S.C. § 1997e (a), et seq.

(a)— Defendants ROKOSKY, PERKINS, GOMEZ, WILLS, and PETERS are alleged to have violated the above rights of Plaintiff.

(b)— Plaintiff has filed complaints with ROKOSKY (Warden) and PERKINS (Asst. Warden) on many occassions about the "SPECIAL MAIL" issues, legal mail from the courts being delivered after the deadlines, seized property (as contraband) without any hearings, and Defendant MALONE refusing to answer any of the many BP-8's I have filed.

-16-

(C) — Plaintiff has submitted numerous BP-10's with Defendant GOMEZ, apprising him of the many Constitutional violations going on here at FCI-McDowell, which Plaintiff has suffered injury. Mainly and most relevant, that Defendants ROKOSKY, PERKINS, and MALONE are preventing Plaintiff from properly pursuing administrative remedies. GOMEZ is regional director of the Mid-Atlantic region, including FCI-McDowell.

(d) — Plaintiff has submitted numerous BP-11's with Defendant WILLS, General Counsel of B.O.P., and never once received any remedy to any complaints.

(e) — Plaintiff has also submitted many communications directly to the Director of B.O.P., Defendant PETERS, who also has never responded, or delegated a response to any communications, including BREACH OF SECURITY OF A FEDERAL INSTITUTION, and the POSTAL REGULATORY COMMISSION complaint concerning special/legal mail interference and hindrance and disappearance.

(F) — All five of these Defendants are supervisors in their own right, and Plaintiff has given actual knowledge to all five about the complaints constituting the claims in this action. None have ever given the Plaintiff an appropriate response that would satisfy the process due under 42 U.S.C. § 1997e(a), et seq., nor 28 CFR § 542, et seq., or to prevent Plaintiff's ████████ allegations.

(g) — None of these five Defendants ever initiated an investigation, an inquiry, or even asked Plaintiff for evidence, or clarification, whereby, they have tacitly authorized and turned a deliberate indifference, to the Constitutional violations described herein, committed by their subordinates.

-17-

(h) — Plaintiff alleges that despite all five Defendants, ROKOSKY, PERKINS, GOMEZ, WILLS, and PETERS *knowing* that the B.O.P. employees, guards, and staff have been failed in their training, and that mistakes could be made by their subordinates, all five have still failed to properly train their subordinates and have failed to give Plaintiff even *the courtesy of a response* to the many complaints filed to them.

(I) — 42 U.S.C. §1997e (a), et seq. is strictly enforced in the courts for prisoners to exhaust their administrative remedies, but when the courts are presented with prima facie evidence that B.O.P. *as a whole* has consistently prevented, hindered, and failed in their duty to abide and conform to those exhaustion procedures, the courts and judiciary should find those violators equally responsible, and find them liable.

## CLAIM 6

Violations of : * B.O.P. Program Statement # 5265.11 - Correspondence ;
* 28 CFR § 540.18 - "SPECIAL MAIL";
* 18 U.S.C. §§ 1701 - Obstruction of mail in general;
* 1702 - Obstruction of Correspondence;
* 1703 - Delay or Destruction of Mail or Newspaper;
* 1709 - Theft of Mail Matter by Officer or Employee;
* 42 U.S.C. §1985 - Conspiracy to Interfere with Civil Rights;
* Constitutional Amendment : 1st Amendmnt. Access To Courts.

(a) — Defendants ROKOSKY, FARROW, PERKINS,

MALONE, GOMEZ, WILLS, and PETERS are alleged to have violated the above rights of Plaintiff, four (4) which have criminal aspects.

(b) — Plaintiff states that in March 2024 it was discovered that there was three (3) court filings that Plaintiff never received from the District Court, District of Columbia (SCHUBERT v. F.B.I., etal., 1:22-cv-03658).

(c) — Defendants ROKOSKY, FARROW, and MALONE are responsible conjunctively and individually, to deliver Plaintiffs legal mail. Which above three (3) pieces of legal mail they were responsible for causing to lose, steal, or somehow disappear and never was delivered to Plaintiff.

(d) — Defendants ROKOSKY, PERKINS, MALONE, GOMEZ, WILLS, and PETERS are all administrators and have all had many prior notices of the mail issues raised by Plaintiff's complaints.

(e) — All six (6) have made the Administrative Remedy "unavailable" to Plaintiff and have conjunctively acted together to deny Plaintiff any relief; and also thereby tacitly approved of each subordinates unconstitutional practices of committing criminal acts (by disposing of or stealing Plaintiff's legal mail) and denying him his Constitutional right of Access To The Courts (by disposing of legal documents — Plaintiff was unable to file an appeal to an action that was supported and provided for by statutory law.)

DEMANDS FOR RELIEF
As to CLAIM 1: Nominal award of $1;
    Actual damages: $2,000;
    Punitive award of $1,000 against each:
        ROKOSKY, PERKINS, GOMEZ, MALONE, GONZALES, THORNE, and WILLS.

As to CLAIM 2: Nominal award of $1;
    Actual damages of $1,000

— 19 —

Punitive award of $1,000 against each:
FARROW, MALONE, PERKINS, ROKOSKY,
GOMEZ, WILLS, and PETERS.

As to CLAIM 3: Nominal award of $1;
Actual damages of $2,800;
Punitive award of $1,000 against each:
ROKOSKY, FARROW, PERKINS, MALONE,
GOMEZ, WILLS, and PETERS;

As to CLAIM 4: Nominal award of $1;
Actual damages of $1,000
Punitive award of $1,000 against each:
ROKOSKY, PERKINS, MALONE, SOLANGO,
GOMEZ, and WILLS.

As to CLAIM 5: Nominal award of $1;
Actual damages of $1,000
Punitive award of $1,000 against each:
ROKOSKY, PERKINS, GOMEZ, WILLS, and PETERS.

As to CLAIM 6: Nominal award of $1;
Actual damages of $2,800
Punitive award of $1,500 in GOLD BONDS
-or- TREASURY BONDS against each:
ROKOSKY, FARROW, PERKINS, MALONE,
GOMEZ, WILLS, and PETERS.

## INJUNCTIVE RELIEF

1. Plaintiff would ask the return of his property;

2. Copies of some articles that were downloaded from the INTERNET:

1) biographical of JOHN MAYNARD KEYNES,

2) THOMAS MENGLER - "THE SAD REFRAIN OF TOUGH ON CRIME"
43 U. KANSAS

-20-

L. REV. 503 (1995),
3) Senate Document 43 of 73ᵗʰ Congress 1ˢᵗ Session (1933),
4) Introduction to 'Cestui que trust',
5) Emergency Banking Act, Mar. 9, 1933,
6) House Joint Resolution 192 of June 5, 1933, and
7) "MONEY MECHANICS" (Chicago Federal Reserve), and
8) EHRLICH, "THE INCREASING FEDERALIZATION OF CRIME", 32 Ariz. St. L. J. 825 (2000).

## DECLARATORY JUDGMENT

1) That Bureau of Prison facilities have no discretion and are subject to the laws in the Code of Federal Regulations and the B.O.P. Program Statements, unless specifically provided for.

2) That the administrative remedy process outlined in 28 CFR § 542.10(b) is subject to due process procedures.

3) That possession of the laws of Commerce and Trade in Title 15 U.S.C. is not "contraband" as identified in 28 CFR § 500.1(h) and B.O.P. Program Statement # 5580.08.

4) That possession of the laws of Bankruptcy in Title 11 U.S.C. and Banks & Banking in Title 12 U.S.C. are not "contraband" as identified in 28 CFR § 500.1(h) and B.O.P. Program

-21-

Statement # 5580.08.

5) That possession of the laws of the Internal Revenue Code in Title 26 is not "contraband" as identified in 28 CFR § 500.1(h) and the B.O.P. Program Statement # 5580.08.

6) That affidavits are not "contraband" as identified in 28 CFR § 500.1(h) and the B.O.P. Program Statement # 5580.08.

7) That Freedom Of Information Act correspondences are not "contraband" as identified in 28 CFR § 500.1(h) and the B.O.P. Program Statement # 5580.08.

8) That briefs, notes, and copies of Supreme Court cases are not "contraband" as identified in 28 CFR § 500.1(h) and the B.O.P. Program Statement # 5580.08.

9) That personal records and log sheets of legal, political, and administrative correspondence are not "contraband" as identified in 28 CFR § 500.1(h) and B.O.P. Program Statement # 5580.08.

10) That what constitutes "SPECIAL MAIL" is not legally defined by B.O.P. prisons that houses prisoners.

11) That the Executive administrative departments, agencies, et cetera, are also bound by the mandatory administrative exhaustion requirement of 42 U.S.C. § 1997e(a).

## DECLARATION UNDER PENALTY OF PERJURY

I, ALLAN DOUGLAS SCHUBERT, do hereby state and declare that the foregoing complaint is true and correct to the best of my belief and knowledge, and if called to testify, will state the same.

18 U.S.C. § 1621 ; 28 U.S.C. § 1746.

This December 31st, 2023.

/S/ ALLAN SCHUBERT

Superceding Complaint: June 30th, 2024.

-23-